UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COREY HINDS, Pro Se
    Plaintiff,

    v.                                            CIVIL ACTION NO.
                                                      15-10073-LTS

JOHN L. DEAN,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION FOR FINAL JUDGMENT**
**(DOCKET ENTRY # 85)**

**April 21, 2017**

**BOWLER, U.S.M.J.**

Plaintiff Corey Hinds ("plaintiff"), a pro se inmate, seeks a final judgment due to a failure of defendant John L. Dean ("defendant") to comply with an October 3, 2016 Order to respond to a request for production of documents and interrogatories on or before November 3, 2016.[1]  (Docket Entry # 85).  Defendant opposes the motion and points out, correctly, that he responded

---

[1] "Motions for sanctions premised on alleged discovery violations are not specifically excepted under 28 U.S.C. § 636(b)(1)(A) and, in general, they are not of the same genre as the enumerated motions."  Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999).  The Phinney court nonetheless "caution[s] that a departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense."  Id. (only citing cases that actually imposed such a sanction).  This court does not aspire to enter a final judgment because, as explained below, the conduct does not warrant such a sanction.  Because this court is not awarding a sanction that is dispositive, the motion is treated as any other pretrial discovery motion under section 636(b)(1)(A).

to the discovery a short time after the November 3, 2016
deadline.  (Docket Entry # 87).

BACKGROUND

In July 2016, a few days after the discovery deadline in
effect at the time, plaintiff filed a motion requesting that
defendant provide him with documents responsive to three
requests for production included in the motion.  (Docket Entry #
73).  Plaintiff thus served defendant with the document requests
at the time he served defendant with the motion.  (Docket Entry
# 73).  Plaintiff also filed a set of interrogatories but did
not request that this court compel defendant to answer the
interrogatories.  (Docket Entry ## 70, 70-2).  The certificate
of service indicates that plaintiff served defendant with the
interrogatories by mail on July 5, 2016.  (Docket Entry ## 70,
70-2).  On October 3, 2016, this court extended the June 30,
2016 discovery deadline to November 7, 2016 and, in ruling on
the above motion (Docket Entry # 73), ordered defendant to
answer certain portions of the document requests on or before
November 3, 2016.[2]

Defendant did not provide plaintiff with the requested
documents on or before November 3, 2016 or the answers to the

---

[2]  The language of the Order afforded defendant "up to and
including November 3, 2016."

interrogatories "within 30 days after being served."
Fed.R.Civ.P. 33(b)(2).  Rather, according to plaintiff,
defendant's "counsel issued correspondence to plaintiff on
November 3, 2016" indicating the discovery "will be provided by
November 14, 2016."  (Docket Entry # 85).  On November 10, 2016,
defendant served plaintiff by hand with the answers to the
interrogatories.  (Docket Entry # 87-1, p. 10).  On November 15,
2016, defendant served plaintiff by mail with the response to
the request for production of documents.  (Docket Entry # 87-2,
p. 3).

DISCUSSION

Plaintiff seeks the draconian sanction of a final judgment
because defendant did not comply with the October 3, 2016 Order
to respond to the document requests and interrogatories by the
November 3, 2016 deadline.  Defendant contends that a final
judgment is not appropriate because he provided plaintiff with
the discovery.

Under Fed.R.Civ.P. Rule 37(b) ("Rule 37(b)"), a court may
render a default judgment against a defendant who fails to
comply with a discovery order.  Fed.R.Civ.P. 37(b)(2)(A)(vi);
Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 779 (7th Cir. 2016)
("Rule 37(b)(2)(A)(v) and (vi) authorizes both the dismissal of
the action and the entry of a default judgment against the

offending plaintiff or defendant"). In order to invoke Rule 37(b) sanctions, the recalcitrant party must fail "'to obey an order to provide or permit discovery.'" Melendez-Garcia v. Sanchez, 629 F.3d 25, 33-34 (1st Cir. 2010) (quoting Rule 37(b)(2)(A) with internal brackets omitted). Because the October 3, 2016 Order required defendant to respond to the document requests by a set deadline, it constitutes a discovery order within the meaning of Rule 37(b)(2). See id. at 34 n.6; R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11, 16 (1st Cir. 1991). Defendant violated the Order by not responding to the document requests on or before the November 3, 2016 deadline.

Because the Order did not require defendant to answer the interrogatories, however, it cannot serve as the basis for sanctions under Rule 37(b) due to defendant's belated response to the interrogatories. Simply stated, defendant's belated answers to the interrogatories did not violate the October 3, 2016 Order.

In "assessing the appropriateness of a discovery sanction" for the violation of the October 3, 2016 Order vis-à-vis the document requests, this court examines "[t]he totality of the circumstances." Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 93 (1st Cir. 2012); Moulton Bane v. Moulton, 2015 WL

4

12990224, at *3 (D.N.H. Nov. 10, 2015) (whether to enter default under Rule 37(b)(2) "depends on the totality of the circumstances"). Relevant factors to consider "include 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010) (quoting Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996)). Here, the violation was minor as opposed to severe. Defendant's counsel communicated with plaintiff regarding the belated production and, accordingly, there is no evidence that defendant acted deliberately. Defendant has not engaged in repeated violations of court orders and there is no showing of any prejudice to plaintiff caused by the estimated two-week delay in receiving the response to the document requests. Weighing and balancing all of the relevant facts, a sanction of entering a final judgment under Rule 37(b)(2) is not warranted.

Separately, the inherent power of this court may also provide a basis to impose sanctions due to the belated production of the answers to interrogatories and the response to the document requests. Federal courts have "certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 2017 WL
1377379, at \*5 (U.S. Apr. 18, 2017) (quoting Link v. Wabash R.
Co., 370 U.S. 626, 630-631 (1962)); accord Vázquez-Rijos v.
Anhang, 654 F.3d 122, 127 (1st Cir. 2011) ("to operate
effectively and administer justice properly, courts must have
the leeway 'to establish orderly processes and manage their own
affairs'"). This "authority includes 'the ability to fashion an
appropriate sanction for conduct which abuses the judicial
process.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32,
44-45 (1991)); see Young v. Gordon, 330 F.3d 76, 81 (1st Cir.
2003). Pursuant to this authority, this court has the power to
enter a default judgment against defendant for discovery abuses.
See Secrease v. W. & S. Life Ins. Co., 800 F.3d 397, 401 (7th
Cir. 2015); Brockton Savings Bank v. Peat, Marwick, Mitchell &
Co., 771 F.2d 5, 11-12 (1st Cir.1985) (inherent power allows
entry of default judgment for abuse of discovery process).
Defendant's conduct of belatedly answering the interrogatories,
see Fed.R.Civ.P.33(b)(2), and violating the October 3, 2016
Order by not providing the response to the document requests by
November 3, 2016, however, falls well below the kind of conduct
that permits the entry of a judgment under the inherent powers
of this court.

Defendant additionally argues that a denial of the motion
is appropriate because plaintiff failed to comply with Rule

37(a)(1) by certifying he "'has in good faith conferred or
attempted to confer with the person or party failing to make
disclosure or discovery in an effort to obtain it without court
action.'" (Docket Entry # 87) (quoting Rule 37(a)(1)). In
light of the denial based on the nature of the conduct, it is
not necessary to address this argument.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for
a final judgment (Docket Entry # 85) is **DENIED**.


                              /s/ Marianne B. Bowler
                              **MARIANNE B. BOWLER**
                              United States Magistrate Judge